**HOWARD and MAXINE JOHNSON, Appellants**

**v.**

**RICHARD L. CHILDS, as Executor of the Estate of**
**WILLIAM S. CHILDS, JR.**

No. 17,388

United States Court of Appeals
Third Circuit

Argued January 30, 1969
Decided February 20, 1969
*See, also, 6 V.I. 354*

JOHN D. MARSH, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellant*

JAMES, HODGE AND TONKIN, Christiansted, St. Croix, Virgin Islands (RONALD H. TONKIN, ESQ., for counsel), *for appellee*

8

Before FREEDMAN, VAN DUSEN and ALDISERT,
*Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

The parties had entered into a written agreement on May 3, 1966, which provided that appellants purchase certain Virgin Islands real estate for $42,300.00. The sale was subject to approval by the probate court with a closing date scheduled on or before June 30, 1966. Upon default by the purchasers, the seller was given "the right either to demand the full price agreed upon by specific performance of the contract, or to terminate this agreement by written notice and retain the down payment as liquidated damages". The down payment of $3,950.00 was actually paid subsequent to the June 30th closing date.

Although appellants took possession following the signing of the agreement, there was a change in heart and at various times in late 1966 and early 1967 appellants requested and were granted the right to assign the sales agreement. After probate court approval of the sale had been obtained, both parties listed the property for sale with real estate brokers, and it was eventually sold to a third party for $38,500.00. Thereafter, when appellants filed an action for the return of the $3,950.00 hand-money, the owner-appellee counterclaimed for the difference between the contract price and the amount actually realized at the ultimate sale.

The District Court found in favor of the counterclaimant in the amount of $6,110.00, reflecting the difference between the two sales agreements and the expenses of the concluded sale.[1] [See, 6 V.I. 354.]

---

[1] The court's award of an additional $2,000.00 for appellants' interim use and occupancy of the premises is apparently not contested.

Appellants contend that since the title to the property was not clear and merchantable on June 30, 1966, and did not become so until court approval of the sale in November, they were entitled to rescind the contract as they purported to do in October without the necessity of tendering the defendant the balance of the purchase price.

 The court properly held that under the applicable statute in the Virgin Islands, 15 V.I.C. §§ 5 and 491, the owner had full power to sell and convey the real estate without leave of court,[2] stating that "it was incumbent upon the plaintiffs to make a tender of the balance of the purchase price before they were in a legal position to rescind the contract and secure the return of their deposit. 55 Am. Jur., Vendor and Purchaser, § 601".

 An alternative argument now being advanced is that the recovery of the appellee should be limited to the amount of liquidated damages set forth in the agreement. The record discloses that after the original sale was not consummated, both parties apparently were advised by respective counsel that the measure of damages would be the difference between the contract price and the fair market value of the property, that appellants were required to mitigate damages by finding another purchaser, that both parties took overt steps to obtain such a purchaser, and that one was ultimately found. Such conduct compels the conclusion that neither party intended the liquidated damage provision to apply under the circumstances.

The judgment will be affirmed.

---

[2] Although appellants now rely on a contract provision providing "This sale is subject to the approval of the Probate Court" as justifying their right to rescind until such approval was secured in November, the record makes clear that no objection was made to the delay in securing such approval until it was imminent, that the wife plaintiff's statement in October that she "would like to withdraw" from the contract was not pressed, and that defendant answered by a reminder that plaintiffs had not obtained mortgage financing and defendant would insist on specific performance.